UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LFD, LLC, d/b/a LFD HOME FURNISHINGS § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action No. 5:20-cv-18 |
| § | | |
| AXIS SURPLUS INSURANCE COMPANY § | | |
| *Defendant.* § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff LFD, LLC, d/b/a LFD HOME FURNISHINGS ("Plaintiff" or "LFD Home Furnishings") files this Original Complaint & Jury Demand against AXIS SURPLUS INSURANCE COMPANY ("Axis" or "Carrier" or "Defendant") and would respectfully show the following:

### Parties

1. Plaintiff is a domestic limited liability company located and operating in the State of Texas. Its consists of nine constituent members: Jules Gosseaux, Tony Talbott, Gregg Thrash, Robert Garcia, L.D. Clopton, Arturo Cruz, Juan Gonzalez, Roberto Lara, and Maria Cuellar. All nine of its constituent members are residents of the state of Texas. Plaintiff does business as "LFD Home Furnishings."

2. Upon information and belief, Axis is a foreign surplus lines insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Axis regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Axis is incorporated in the state of Illinois and maintains its principal place of business in Georgia.  Axis may be served with process to **Texas Commissioner of Insurance, 333**

**Guadalupe, Austin, Texas 78701** who can forward process to **AXIS U.S. Insurance, Attn: Claims Administrator, 11680 Great Oaks Way, Suite 500, Alpharetta, GA 30022**.

## Venue & Jurisdiction

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between LFD Home Furnishings and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to LFD Home Furnishings' claim occurred within this judicial district, and the property subject of the action is situated within this judicial district. Namely, this action concerns real property in Webb County, Texas. The insurance policy at issue and of which LFD Home Furnishings is a beneficiary was to be performed within this district, and the losses under the policy (including payments to be made to LFD Home Furnishings under the policy) were required to be made within this district. Further, investigation, including communications to and from Defendant and LFD Home Furnishings (including telephone calls, mailings, and other communications to LFD Home Furnishings) occurred within this district.

## Factual Background

5. LFD Home Furnishings is a locally owned home furnishing business that has served South Texas for more than 66 years, currently operating out of eight different retail locations. The property at issue in this lawsuit is located at 1902 Blair Street, Laredo, Texas, in Webb County, Texas (the "Property"). The Property is a 50,306 square foot building that includes, but is not limited to, a warehouse and office space.



6. Prior to March 27, 2018, LFD Home Furnishings paid annual premiums, assessments, fees, surcharges, and taxes to Axis to acquire comprehensive commercial insurance coverage for the Property under Policy No. EAF622388-17. The Policy provides coverage for LFD Home Furnishings, for covered damages that occur during the Policy Period, from May 1, 2017 through May 1, 2018. In exchange for LFD Home Furnishings' premium payment, the LFD Home Furnishings' Policy includes the following limits and coverages, in relevant part:

| COVERAGES PROVIDED | | | Insurance At The Described Premises Applies Only For Coverages For Which A Limit Of Insurance Is Shown | | | |
|---|---|---|---|---|---|---|
| Prem. No. | Bldg. No. | Coverage | Limit Of Insurance | Covered Causes Of Loss | Coinsurance* | Rates |
| All | All | Building; Personal Property Equipment Breakdown | $30,822,044 Per Occurrence | Special Form See CP10 30 10 12 | 80% | Various |

*If Extra Expense Coverage, Limits On Loss Payment

| OPTIONAL COVERAGES | | Applicable Only When Entries Are Made In The Schedule Below | | | | | |
|---|---|---|---|---|---|---|---|
| Prem. No. | Bldg. No. | Agreed Value | | | Replacement Cost (X) | | |
| | | Expiration Date | Cov. | Amount | Building | Pers. Prop. | Including "Stock" |
| All | All | | | | X | X | Selling Price |

DEDUCTIBLE: $5,000
EXCEPTION: All Other Wind and Hail $50,000 Per Occurrence;
Windstorm: Named Wind Storm and Hail – See ES 208 0608 and See CP 03 20 10 92;
Equipment Breakdown – See ES 186 1006

7. As evidenced by the Declarations Page and confirmed in the Policy provisions, the Policy provides coverage to the Property for the building, damaged business personal property, and

equipment breakdown on a replacement cost value basis for damages caused by wind and hail up to $30,822,044. *See* Ex. A, Policy, at Declarations Pages.

8. On March 27, 2018, a significant wind and hailstorm hit Webb County and specifically, the Property. As a result of the hail and windstorm, the Property was substantially damaged. Sizeable portions of the Property's roofs were compromised by hail and wind. As a result of the roof damages, there was also interior damage to the property. The following photographs taken after the storm depict some of the hail marks and resulting damage:



9. The Property was substantially damaged by the storm. Yet as devastating as the physical damage was, LFD Home Furnishings felt fortunate to be protected by the insurance coverage they had procured to insure the Property and business from precisely this type of catastrophe.

Immediately after the storm, LFD Home Furnishings promptly filed a claim with Axis, alerting them to the extensive damages. This sense of security, borne of pricey contractual relationship, would prove illusory as Defendant began their investigation and handling of the claim.

10. Axis' claim-handling process resulted in a wrongful refusal to pay and omitted a wealth of facts, physical evidence, obvious wind damages, and meteorological data supporting LFD Home Furnishings' claim. Defendant unreasonably pinned the losses on anything but the wind and resulting water intrusion, an action designed to save Axis millions of dollars in damages to the Property and the business.

11. Axis assigned adjusters, including defendant Shawn Bickett and Christine McHugh, to the claim. Neither of these adjusters provided a scope of damages or an estimate. Axis subsequently engaged Madsen, Kneppers & Associates, Inc. ("MKA") to employ representatives to handle and adjust the claim. Those persons were improperly trained as to their responsibilities and were instead directed to minimize – and in fact, did minimize – claim payments and delay the reconstruction project in order to get LFD Home Furnishings' business back up and running.

12. Jay Jennings from MKA completed a site inspection for Axis. Mr. Jennings and the other adjusters assigned to the claim were unqualified and incapable of adequately assessing the damages to this type of commercial Property and were the source of many delays throughout the claim process. Axis continued to delay the claim resolution and did not provide the insured with answers.

13. After these cursory and substandard inspections, Axis denied the claim on July 8, 2019. Mr. Jennings' report stated the cause of the damages was due to previous hail damage and wear and tear. No payments have been made to LFD Home Furnishings for damages from the wind and hailstorm.

14. Axis has ignored the scores of facts, witnesses and meteorological data supporting the covered claim. This deceptive claim handling and outright false denials have crippled LFD Home Furnishings' ability to operate their business. LFD Home Furnishings has cooperated throughout the claims process.

15. Almost one year after the wind and hailstorm severely damaged this Property, based on inadequate investigation, wrongful delays, and refusals to fully pay for reasonably clear damages, Axis has not issued a payment. To this day, due to Defendant's outcome-oriented, inadequate, and haphazard investigation, Axis has refused to pay for covered damages under the Policy.

### Count 1 – Violations of Texas Insurance Code, Section 541

16. LFD Home Furnishings re-allege and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

17. Defendant failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

18. Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

19. Defendant failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

20. Defendant refused to pay the claims without conducting a reasonable investigation with respect to the claims, in violation of Texas Insurance Code Section 541.060 (a)(7).

21. Defendant misrepresented the insurance policies under which it affords property coverage to LFD Home Furnishings, by making an untrue statement of material facts, in violation of Texas

Insurance Code Section 541.061 (1).

22. Defendant misrepresented the insurance policies under which it affords property coverage to LFD Home Furnishings by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061(2).

23. Defendant misrepresented the insurance policies under which it affords property coverage to LFD Home Furnishings by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material facts and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

24. Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

### Count 2 – Violations of the Texas Insurance Code, Section 542

25. LFD Home Furnishings re-allege and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

26. Defendant failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

27. Defendant failed to timely commence investigation of the claim or to request from LFD Home Furnishings any additional items, statements or forms that the Defendants reasonably believe to be required from LFD Home Furnishings in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

28. Defendant failed to notify LFD Home Furnishings in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms

required by the Defendant in violation of Texas Insurance Code Section 542.056(a). The delay was egregious, unnecessary, and wholly caused by the Defendant.

29. Defendant delayed payment of LFD Home Furnishings' claim in violation of Texas Insurance Code Section 542.058(a).

30. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were producing cause of LFD Home Furnishings' damages.

### Count 3 – Statutory Interest

31. LFD Home Furnishings re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

32. LFD Home Furnishings makes a claim for statutory interest penalties along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### Count 4 – Breach of Contract

33. LFD Home Furnishings re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

34. As outlined above, Defendant breached its contract with LFD Home Furnishings by refusing to pay for covered damages under the Policy. As a result of Defendant's breach, LFD Home Furnishings suffered legal damages.

### Count 5 – Breach of duty of good faith & fair dealing

35. LFD Home Furnishings re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

36. Defendant as the property coverage insurers, had a non-delegable duty to deal fairly and in good faith with LFD Home Furnishings in the processing of the claim. Defendant breached this

duty by refusing to properly investigate and effectively denying insurance benefits. Defendant knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Defendant's breach of these legal duties, LFD Home Furnishings suffered legal damages.

### Count 6 – Punitive Damages for Bad Faith

37. LFD Home Furnishings re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

38. Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying LFD Home Furnishings' claim for benefits. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of LFD Home Furnishings.

### Count 7 – Violations of Texas Deceptive Trade Practices Act

39. LFD Home Furnishings re-allege s and incorporate s each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

40. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Defendant has also acted unconscionably, as that term is defined under the DTPA.

41. Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of LFD Home Furnishings' damages.

**Resulting Legal Damages**

42.     LFD Home Furnishings is entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law. In addition, LFD Home Furnishings is entitled to exemplary damages.

43.     As a result of Defendant's acts and/or omissions, LFD Home Furnishings has sustained damages in excess of the minimum jurisdictional limits of this Court.

44.     LFD Home Furnishings is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

45.     Defendant knowing violations of the Texas Insurance Code and DTPA entitle LFD Home Furnishings to the attorneys' fees, treble damages, and other penalties provided by law.

46.     LFD Home Furnishings is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

47.     As a result of Defendant's acts and/or omissions, LFD Home Furnishings has sustained damages in excess of the jurisdictional limits of this Court.

48.     LFD Home Furnishings is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

49.     LFD Home Furnishings is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Business & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, LFD Home Furnishings respectfully requests that it have and recover judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which LFD Home Furnishings may be entitled.

Respectfully submitted,

**RAIZNER SLANIA LLP**

_____
JEFFREY L. RAIZNER
State Bar No. 00784806
Southern District Bar No. 15277
ANDREW P. SLANIA
State Bar No. 24056338
Southern District Bar No. 1057153
AMY B. HARGIS
State Bar No. 24078630
Southern District Bar No. 1671572
BEN WICKERT
State Bar No. 24066290
Southern District Bar No. 973044
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554-9098
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____
**ANDREW P. SLANIA**